**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CIVIL CASE NO.:**

**DUOS TECHNOLOGIES, INC**., a Florida
corporation,

     *Plaintiff,*

v.

**NORFOLK SOUTHERN CORPORATION**, a
Virginia-incorporated entity, domiciled in Georgia,

     *Defendant.*

_____/

## COMPLAINT

Plaintiff, DUOS TECHNOLOGIES, INC ("Duos"), hereby asserts numerous claims against Defendant, NORFOLK SOUTHERN CORPORATION ("Norfolk Southern"), by and through its undersigned counsel and brings the following claims against Norfolk Southern and in support thereof alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action against Defendant for infringement of four (4) United States duly registered patents, as well as for unfair competition and deceptive trade practices.

2.    Duos pioneered automated inspection portals that combine imaging, speed detection, and artificial intelligence to detect train defects in real time.

3.      Norfolk Southern, without authorization, has used Duos's patented technology in its inspection systems, continued such use after explicit notice, and falsely represented or implied that its infringing systems were its own innovations.

4.      Duos seeks damages, enhanced damages for willful infringement, disgorgement of profits, injunctive relief, and corrective orders to prevent further market harm.

## PARTIES, JURISDICTION AND VENUE

5.      Plaintiff Duos Technologies, Inc. is a corporation organized under the laws of Florida, with principal offices at 7660 Centurion Parkway, Suite 100, Jacksonville, Florida, 32256.

6.      Defendant Norfolk Southern Corporation is incorporated in Virginia, with headquarters in Atlanta, Georgia, with registered offices in 650 W Peachtree St NW, Atlanta, GA, 30308, and maintains substantial operations in Norfolk, Virginia.

7.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1338(a), as it arises under the patent laws of the United States, including 35 U.S.C. §§ 271, 283, 284, and 285.

8.      This Court has personal jurisdiction over Norfolk Southern because Norfolk Southern has continuous and systematic contacts with the State of Florida and this judicial district, including but not limited to:

a.      Operating approximately 610 miles of rail lines in Florida;

b.      Maintaining rail yards, terminals, and other facilities in Jacksonville and throughout Florida;

c.      Utilizing the services of hundreds of workers in Florida;

d.      Regularly transporting freight to, from, and through Florida, including this district;

e.    Operating and maintaining Digital Train Inspection Portals that inspect trains traveling to and from Florida;

f.    Deriving substantial revenue from its Florida operations.

9.    Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c) and 1400(b) because:

a.     Defendants are subject to personal jurisdiction in this district;

b.    Defendants have committed acts of infringement in this district;

c.    Defendants have a regular and established place of business in this district;

d.    A substantial part of the events giving rise to Duos's claims occurred in this district;

e.    Duos has suffered harm in this district as a result of Defendants' infringement.

10.    Venue is further proper under 28 U.S.C. § 1391 for Duos's state-law claims because Norfolk Southern transacts business in Florida, has engaged in unfair and deceptive conduct that has caused harm within Florida, and is subject to personal jurisdiction there.

11.    This Court also has supplemental jurisdiction over Duos's related state-law claims under 28 U.S.C. § 1367(a), including claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and Florida common law unfair competition. These claims are so related to the federal patent claims that they form part of the same case or controversy.

12.    All conditions precedent to the maintenance of this civil action have occurred, been performed, or have been waived.

13.    Dous has retained the undersigned attorneys to represents Duos in the prosecution of this action and is obligated to pay its attorney their reasonable fees and expenses.

## **GENERAL ALLEGATIONS**

14.    Duos developed and commercialized the first viable automated train inspection portals in the United States. Its systems capture high-resolution images of railcars in motion, analyze them using AI, and generate actionable defect data.

15.    Duos is the owner of the following United States patents (collectively, the "Duos Patents"), each of which covers core aspects of its automated train inspection technology:

### **U.S. Patent No. 10,523,858**

16.    Called the *Apparatus and Method to Capture Continuous High Resolution Images of a Moving Train Undercarriage* (issued on December 31, 2019), which discloses and claims systems for capturing uninterrupted, high-quality imaging of train undercarriages in motion using integrated cameras, mirrors, and illumination. A copy of Patent No.10,523,858 is submitted with this Complaint as Exhibit A.

### **U.S. Patent No. 11,974,035**

17.    Called the device to *Capture High Resolution Images of a Train as It Passes Through a Portal* (issued on April 30, 2024), which covers portal-based inspection systems equipped with imaging arrays and lighting to capture detailed side and roof views of railcars. A true and correct copy of Patent No. 11,974,035 is attached hereto as Exhibit B.

### **U.S. Patent No. 11,891,098**

18.    For the *Artificial Intelligence that Detects Defects in Trains and Method to Use (issued on February 6, 2024)*, which protects systems that employ artificial intelligence models to analyze captured images of trains for anomalies and defects, with provisions for validation and data storage. A true and correct copy of Patent No. 11,891,098 is attached hereto as Exhibit C.

**U.S. Patent No. 12,188,846**

19.    For the *Capturing Images of the Underside of a Train* (issued on January 7, 2025), which claims a specialized imaging configuration for capturing detailed underside views of railcars as they move through a portal. A true and correct copy of Patent No. 12,188,846 is attached hereto as Exhibit D.

20.    Each of the Duos Patents is duly issued, valid, and enforceable. Collectively, they represent years of research and development into automated inspection systems that have transformed rail safety and maintenance practices.

21.    Norfolk Southern has installed and operated inspection portals that perform substantially the same functions claimed in the Duos Patents, without authorization or license.

22.    Norfolk Southern, in collaboration with Georgia Tech Research Corporation ("GTRC"), has developed what they call "Digital Train Inspection Portals" or "DTI Portals." In a press release dated October 26, 2023, published on PR Newswire, Norfolk Southern publicly acknowledged that GTRC "engineered the hardware" while Norfolk Southern's "Data Science/Artificial Intelligence and Mechanical teams...built the brains behind the program." A true and correct copy of this press release is attached hereto as Exhibit E.

23.    According to Norfolk Southern's own public statements and video demonstrations, the company has deployed Digital Train Inspection Portals at the following locations:

a.     First portal deployed in Leetonia, Ohio in October 2023;

b.    Two portals on adjacent tracks in Leetonia, Ohio;

c.    Portal near Jackson, Georgia (operational as of 2024);

d.    Additional locations totaling at least eight portals at seven sites as of July 2025.

A true and correct copy of Norfolk Southern's website and public announcements describing these deployments is attached hereto as Exhibit F.

24.    In a July 2025 article in Railway Age magazine titled "Next-Level Safety and Efficiency," Norfolk Southern Vice President and Chief Safety Officer John Fleps stated that Norfolk Southern has "10 total sites identified, and part of our plan right now, which will constitute 20 individual portals" with plans to "achieve about 90% coverage over the next several years." A true and correct copy of this article is attached hereto as Exhibit G.

25.    Upon information and belief, trains inspected by Defendants' infringing portals regularly travel to, from, and through Florida, including this judicial district.

## EVIDENCE OF INFRINGEMENT

26.    Norfolk Southern has made numerous public statements, demonstrations, and technical disclosures confirming their use of technology that infringes the Duos Patents, including:

27.    **VIDEO DEMONSTRATIONS:** Multiple video demonstrations have been published showing Norfolk Southern's Digital Train Inspection Portals in operation:

a.    A news report posted on February 13, 2024 by WPXI-TV Pittsburgh discussing Norfolk Southern's implementation of new rail safety technology following the East Palestine derailment (available at https://www.youtube.com/watch?v=guQ73zhMVac). Screenshot is attached hereto as Exhibit H.

b.    A YouTube video posted by Norfolk Southern on October 26, 2023, demonstrating the capture of approximately 1,000 images per railcar using 38 cameras (available at https://www.youtube.com/watch?v=QPxut0bpYtU. Screenshot is attached hereto as Exhibit I.

c. Additional YouTube demonstration videos (available at https://www.youtube.com/watch?v=2tnCPGN0cuQ). Screenshots are attached hereto as Exhibit J.

d. A TikTok video showing real-time defect detection (available at https://www.tiktok.com/@soul_and_substance/video/7488068964417899807). Screenshots are attached hereto as Exhibit K.

e. Vimeo videos posted by GTRI showing development and testing (available at https://vimeo.com/803081712, https://vimeo.com/382249424, and https://vimeo.com/332002914). Screenshots are attached hereto as Exhibit L.

28. **TECHNICAL SPECIFICATIONS:** In a detailed technical article published by Georgia Tech Research Institute on January 19, 2024, authored by John Toon, Defendant disclosed the following specific technical details that correspond to elements of Duos's patented claims:

a. "Machine vision technology in the portals produces images of key components located on the front and back, top, bottom, and sides of train cars, providing a 360-degree view of the complete train."

b. "The machine vision portion uses 38 high-resolution cameras consisting of a mix of area and line scan cameras to photograph critical components of each rail car."

c. "Powerful lights comparable to those used in sports stadiums allow the cameras to take approximately a thousand photographs of each moving rail car."

d. "Sensors at each portal determine the speed of each train passing through and use that information to precisely control when the photographs are taken."

    e.      Colin Usher, GTRI Senior Research Scientist stated: "Even with a train traveling 60 miles per hour, we are able to calculate in real time when to tell each camera to take a picture."

    f.      "Images produced by the portal are analyzed within minutes of a train's passage, allowing any issues identified to be reported immediately."

    g.      "The computer transmits the information to Norfolk Southern's Network Operations Center, where the data is reviewed by subject-matter experts."

A true and correct copy of this article is attached hereto as Exhibit M.

29.    **EXECUTIVE STATEMENTS:** In an exclusive interview published by InnoLead on July 23, 2025, Norfolk Southern's Assistant Vice President of Enterprise Data and Analytics, Mabby Amouie, made the following statements confirming infringement:

    a.      "We have a mini tunnel that these running trains go through. These tunnels have a multitude of cameras and stadium lights. There are some 38 cameras with 24 megapixel resolution."

    b.      "On average, we take about 1,000 pictures of every single railcar that passes by. So if I have a 100-car train, I have 100,000 pictures on average."

    c.      "We have 75-plus AI algorithms that go through all these images and very accurately, autonomously, identify particular issues."

    d.      "Then, we have 75-plus AI algorithms that go through all these images and very accurately, autonomously, identify particular issues, and they automatically generate a work order for that particular railcar and also send an email to our network operation center."

e.      "In 2024 alone, we identified and handled more than 25,000 mechanical maintenance-related defects, including 85 Tier 1 critical defects in near real time."

f.      "We've deployed nearly some 300 to 400 AI solutions in different domains and I'm not just talking about proof-of-concept or things that sit in a research lab. These are real tried-and-true production solutions."

A true and correct copy of this interview article is attached hereto as Exhibit N.

30.    **TECHNICAL PUBLICATION:** In Laser Focus World magazine's July/August 2024 issue, authored by Linda Wilson, detailed specifications matching and infringing upon Duos's patented technology were disclosed:

a.      "The system includes 38 cameras, which are installed strategically at various angles, including some at track level pointing up."

b.      "Stadium lights are mounted inside the tunnel enclosure along the sides and top."

c.      "Sensors that detect the presence of an oncoming train and its speed, trigger the entire process."

d.      "Based on the speed, software developed at GTRI calculates when each camera should take images and lights should turn on. Cameras are synched to a microsecond."

e.      "There are a variety of defects that Norfolk Southern wants to detect... it comes down to relatively small bolts and cotter pins."

A true and correct copy of this article is attached hereto as Exhibit O.

31.    **MILESTONE ACHIEVEMENT:** In a March 4, 2025 article published by Railway Track and Structures, Norfolk Southern announced achieving a "milestone" with the "first-ever autonomous detection of a hairline crack in a wheel." The article states: "This early

detection allowed us to remove the car from service before it could cause an incident, demonstrating the system's potential to prevent derailments." A true and correct copy of this article is attached hereto as Exhibit P.

32.    **HUMAN-IN-THE-LOOP VERIFICATION:** Multiple sources confirm Norfolk Southern's use of human verification, a key element of Duos's '098 Patent:

a.    Georgia Tech article (January 19, 2024): "The computer transmits the information to Norfolk Southern's Network Operations Center, where the data is reviewed by subject-matter experts to identify and address issues."

b.    Progressive Railroading article (March 3, 2025): "AI analyzes the images generated at a DTI portal for potential defects and transmits information to NS' network operations center. There, the data is reviewed — guided by a robust response protocol — by subject-matter experts."

c.    GlobalSpec article (January 24, 2024): "Once captured, the images are subsequently analyzed by the AI algorithms, which report any defects immediately to subject-matter experts."

True and correct copies of these articles are attached hereto as Exhibits M, Q, and R respectively.

33.    **SPEED DETECTION AND SYNCHRONIZATION:** Norfolk Southern's public disclosures confirm use of speed detection to control camera timing, matching Duos's patented claims:

a.    Georgia Tech (January 19, 2024): "Sensors at each portal determine the speed of each train passing through and use that information to precisely control when the photographs are taken."

b.  Vision Systems Design (March 11, 2024): "Sensors that detect the presence of an oncoming train and its speed, trigger the entire process. Based on the speed, software developed at GTRI calculates when each camera should take images."

c.  GlobalSpec (January 24, 2024): "The sensors, which are also placed at each portal help to determine the speed of each train passing through, will capture data to inform when the photographs are taken."

True and correct copies of these articles are attached hereto as Exhibits M, S, and R respectively.

34.  **360-DEGREE IMAGING CAPABILITY:** Multiple sources confirm Norfolk Southern captures images from all angles, matching Duos's patented technology:

a.  Georgia Tech: "Machine vision technology in the portals produces images of key components located on the front and back, top, bottom, and sides of train cars, providing a 360-degree view."

b.  Railway Age (July 2025): "The synchronized cameras net approximately 1,000 images per car at speeds up to 70 mph, detecting defects at angles that are difficult to see during stationary inspections.

c.  Vision Systems Design: "The cameras include both area and line scan models, and the combination produces approximately 1,000 images per rail car, producing a 360° view."

These statements are contained in Exhibits M, G, and S respectively.

35.  **SPECIFIC DEFECT DETECTION ALGORITHMS:** Norfolk Southern has disclosed using specific algorithms for different defect types, matching Duos's '098 Patent claims:

a.    Mabby Amouie (InnoLead interview): "We have 75-plus AI algorithms that go through all these images."

b.    Vision Systems Design: "There are a variety of defects that Norfolk Southern wants to detect... it comes down to relatively small bolts and cotter pins located in various locations."

c.    Railway Age: "Norfolk Southern's in-house Data Science/AI team has developed 75 'advanced deep-learning' algorithms that look for specific conditions."

These statements are contained in Exhibits N, S, and G respectively.

36.    **PORTAL STRUCTURE AND ENVIRONMENTAL PROTECTION:** Norfolk Southern's portals match Duos's '035 Patent claims for weather-resistant tunnel structures:

a.    Georgia Tech: "The system operates in a tunnel structure that helps protect the equipment and control lighting."

b.    Georgia Tech: "The inspection portals must operate year-round in all kinds of weather conditions and in geographic locations that range from extreme heat to cold."

c.    Vision Systems Design: "The enclosures are made of steel, which not only protects the components from inclement weather but also blocks direct sunlight."

These statements are contained in Exhibits M and S respectively.

37.    On June 10, 2024, Duos, through counsel, provided Norfolk Southern with its first written notice of infringement of the Duos Patents (the "First Notice"). On July 29, 2024, Duos issued a second written notice of infringement (the "Second Notice"). On August 14, 2024, Norfolk Southern, through its counsel, responded by letter, denying infringement but failing to address or rebut the element-by-element overlap between the accused systems and the asserted

patent claims. On August 29, 2025, Duos issued a third and final written notice of infringement (the "Third Notice").

38.    These notices placed Norfolk Southern on repeated and explicit notice of Duos's patent rights and Norfolk Southern's infringing activities, yet the Defendant failed to take any corrective action to address or cease the infringement.

39.    Norfolk Southern's infringement is willful. Having received explicit notice, it nevertheless continued and expanded the deployment of infringing systems. Such conduct constitutes egregious behavior pursuant Halo Elecs., Inc. v. Pulse Elecs., Inc., 579 U.S. 93 (2016).

40.    Norfolk Southern's unlawful use of Duos's patented systems gives it an unjust cost advantage, distorts fair competition in the rail industry, deprives Duos of licensing opportunities, and undermines Duos's reputation as the recognized leader in automated inspection technology.

41.    Norfolk Southern has also misrepresented or implied in industry settings that its inspection systems are its own innovation, misleading regulators, customers, and stakeholders.

42.    Upon information and belief, Duos has learned from significant industry participants that Norfolk Southern is currently engaged in merger, acquisition, or similar strategic transaction discussions. In connection with these discussions, Norfolk Southern has been actively representing to prospective transaction partners, industry stakeholders, and other relevant market participants that its Digital Train Inspection Portals and related technology are its own proprietary innovations and that it holds complete ownership rights thereto and is marketing those Portals for sale. These representations are false and misleading, as the underlying intellectual property belongs to Duos pursuant to the Duos Patents. Norfolk Southern's conduct constitutes improper and illegal influence on third parties in the relevant market and is designed to mislead potential acquirers, investors, regulators, and business partners into believing that Norfolk Southern

possesses legitimate ownership of technology it has, in fact, misappropriated. Such conduct not only compounds Norfolk Southern's ongoing infringement but also threatens to cause irreparable harm to Duos by facilitating the unauthorized transfer or valuation of Duos's proprietary technology.

43.    As a direct result of the foregoing patent violations and misconduct, Duos seeks damages in excess of $75,000.00 (seventy-five thousand) dollars exclusive of attorneys' fees and court costs.

## CLAIMS FOR RELIEF

### COUNT I – Infringement of U.S. Patent No. 10,523,858

44.    Plaintiff incorporates herein by reference the allegations set forth in paragraph 1-43 of this Complaint as though fully set forth herein.

45.    Duos owns U.S. Patent No. 10,523,858, entitled *Apparatus and Method to Capture Continuous High Resolution Images of a Moving Train Undercarriage,* issued December 31, 2019 (Exhibit A).

46.    The '858 Patent covers Duos's breakthrough system for capturing a continuous stream of clear, high-resolution images of the underside of a moving train.

47.    Norfolk Southern's inspection portals use cameras, mirrors, and lighting to generate the same type of undercarriage images, performing the same steps and achieving the same results as Claim 1 of the '858 Patent.

48.    Norfolk Southern's systems infringe literally and, in the alternative, under the doctrine of equivalents. *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997); *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605 (1950).

49.    Norfolk Southern's continued use after repeated notices demonstrates willful disregard of Duos's patent rights.

**COUNT II – Infringement of U.S. Patent No. 11,974,035**

50.    Plaintiff incorporates herein by reference the allegations set forth in paragraph 1-43 of this Complaint as though fully set forth herein.

51.    Duos owns U.S. Patent No. 11,974,035, entitled Device to Capture High Resolution Images of a Train as It Passes Through a Portal, issued April 30, 2024 (Exhibit B).

52.    The '035 Patent covers portal-based devices with imaging arrays and illumination to capture detailed views of railcars as they pass.

53.    Norfolk Southern's inspection portals are equipped with imaging systems and lighting that embody each limitation of at least Claim 1 of the '035 Patent.

54.    Norfolk Southern's infringement is both literal and, in the alternative, under the doctrine of equivalents, Specifically, Defendants' Digital Train Inspection Portals practice and utilize each and every element of the claimed invention, including but not limited to:

    a.    A train inspection portal structure able to withstand extreme environmental conditions;

    b.    Software that gathers and restitches images using artificial intelligence;

    c.    Controller-based systems that determine train speed and control camera shutter speeds;

    d.    Stadium lighting providing illumination for different scan cameras;

    e.    Tunnel structures that protect equipment and control lighting conditions.

55.    Norfolk Southern's continued infringement after notice makes its conduct willful.

**COUNT III – Infringement of U.S. Patent No. 11,891,098**

56.    Plaintiff incorporates herein by reference the allegations set forth in paragraph 1-43 of this Complaint as though fully set forth herein.

57.    Duos owns U.S. Patent No. 11,891,098, entitled Use of Artificial Intelligence to Detect Defects in Trains and Method to Use, issued February 6, 2024 (Exhibit C).

58.    The '098 Patent protects systems that employ AI models to detect anomalies in images of trains, supported by validation and storage.

59.    Norfolk Southern uses AI-driven algorithms in its portals to identify defects, performing the same functions described in Claim 1 of the '098 Patent.

60.    Norfolk Southern's systems infringe literally and, in the alternative, under the doctrine of equivalents, specifically, Defendants' Digital Train Inspection Portals practice each and every element of the claimed invention, including but not limited to:

   a.    Using artificial intelligence to detect railroad car anomalies;

   b.    Implementing a "human in the loop" feature for verification of detection data;

   c.    Using speed detection devices to determine camera shutter speeds;

   d.    Capturing images of all sides of the train including bottom, top, and all sides;

   e.    Using specific algorithms directed to specific areas of concern;

   f.    Using a combination of line scan and area scan cameras with stadium lighting.

61.    Norfolk Southern's continued infringement after notice makes its conduct willful.

**COUNT IV – Infringement of U.S. Patent No. 12,188,846**

62.    Plaintiff incorporates herein by reference the allegations set forth in paragraph 1-43 of this Complaint as though fully set forth herein.

63.     Duos owns U.S. Patent No. 12,188,846, entitled Capturing Images of the Underside of a Train, issued January 7, 2025 (Exhibit D).

64.     The '846 Patent protects specialized portal-mounted configurations for capturing underside views of railcars.

65.     Norfolk Southern's inspection systems capture underside images in substantially the same way, infringing at least Claim 1 of the '846 Patent.

66.     Norfolk Southern's systems infringe literally and, in the alternative, under the doctrine of equivalents.

67.     Norfolk Southern's continued infringement after notice makes its conduct willful.

**COUNT V – Unfair Competition (Lanham Act, 15 U.S.C. § 1125(a))**

68.     Plaintiff incorporates herein by reference the allegations set forth in paragraph 1-43 of this Complaint as though fully set forth herein.

69.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1), provides in relevant part that: "*Any person who, on or in connection with any goods or services, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person … shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.*"

70.    Norfolk Southern, through public statements and industry communications, has represented or implied that its infringing automated train inspection systems are its own innovations, when in fact they embody and use Duos's patented technology.

71.    Such misrepresentations are false or misleading and are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Norfolk Southern's inspection systems.

72.    Defendant's conduct therefore constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

**COUNT VI – Violation of FDUTPA (Fla. Stat. § 501.201 et seq.)**

73.    Plaintiff incorporates herein by reference the allegations set forth in paragraph 1-43 of this Complaint as though fully set forth herein.

74.    The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 et seq., declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1).

75.    Norfolk Southern engages in trade and commerce in Florida within the meaning of FDUTPA, including contracting, operating, and promoting railroad services that employ automated train inspection technologies.

76.    Norfolk Southern's conduct, including the unauthorized use of Duos's patented innovations and its misrepresentation of those innovations as its own, constitutes unfair methods of competition and unfair or deceptive acts or practices within the meaning of FDUTPA.

77.     Norfolk Southern's actions were undertaken knowingly, willfully, and in bad faith to obtain an unfair competitive advantage at Duos's expense, and have caused injury to Duos's business operations and goodwill within Florida.

78.     As a direct and proximate result of Defendant's violations of FDUTPA, Duos has suffered actual damages, including lost licensing revenue, diverted opportunities, and reputational harm in the Florida market.

79.     Pursuant to FDUTPA, Duos is entitled to actual damages, attorneys' fees, and costs. Duos also seeks equitable relief including disgorgement, injunctive relief prohibiting further unfair practices, and any other relief the Court deems just and proper.

80.     The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 et seq., declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1).

81.     Norfolk Southern engages in trade and commerce in Florida within the meaning of FDUTPA, including contracting, operating, and promoting railroad services that employ automated train inspection technologies.

82.     Norfolk Southern's conduct, including the unauthorized use of Duos's patented innovations and its misrepresentation of those innovations as its own, constitutes unfair methods of competition and unfair or deceptive acts or practices within the meaning of FDUTPA.

83.     Norfolk Southern's actions were undertaken knowingly, willfully, and in bad faith to obtain an unfair competitive advantage at Duos's expense, and have caused injury to Duos's business operations and goodwill within Florida.

84.     As a direct and proximate result of Defendant's violations of FDUTPA, Duos has suffered actual damages, including lost licensing revenue, diverted opportunities, and reputational harm in the Florida market.

85.     Pursuant to FDUTPA, Duos is entitled to actual damages, attorneys' fees, and costs. Duos also seeks equitable relief including disgorgement, injunctive relief prohibiting further unfair practices, and any other relief the Court deems just and proper.

### COUNT VII – Common Law Unfair Competition

86.     Plaintiff incorporates herein by reference the allegations set forth in paragraph 1-43 of this Complaint as though fully set forth herein.

87.     Under Florida common law, unfair competition is a broad doctrine encompassing various forms of unfair or dishonest conduct in the course of trade or commerce, including misappropriation of another's efforts, "palming off," and other acts calculated to mislead or injure a competitor.

88.     Duos invested substantial time, capital, and expertise to develop its patented train inspection technologies, which represent a competitive advantage and a source of business goodwill.

89.     Norfolk Southern, with knowledge of Duos's patents and innovations, misappropriated these technologies by incorporating them into its own inspection systems without authorization or license.

90.     Norfolk Southern further compounded this misconduct by holding out the infringing systems as its own innovations, thereby misleading customers, regulators, and industry stakeholders, and diverting goodwill and competitive benefits from Duos to itself.

91.     Norfolk Southern's acts were willful, intentional, and undertaken in bad faith to obtain an unfair competitive advantage at Duos's expense.

92.     As a direct and proximate result of Norfolk Southern's unfair competition, Duos has suffered damages, including loss of business opportunities, erosion of its competitive standing in the marketplace, and reputational harm.

93.     Duos is entitled to damages, restitution, disgorgement of Norfolk Southern's unjust enrichment, and injunctive relief to prevent further acts of unfair competition under Florida common law.

94.     The balance of hardships favors granting injunctive relief to Duos, and such relief is in the public interest.

## **PRAYER FOR RELIEF**

95.     WHEREFORE, Plaintiff Duos Technologies, Inc. respectfully requests judgment in its favor and against Defendant as follows:

    a.    For judicial determination and declaration that Defendant has infringed the Duos Patents.

    b.    For judicial determination for a preliminary and permanent injunction under 35 U.S.C. § 283 enjoining Defendant from further infringement and unfair competition.

    c.    For judicial order awarding to Duos Technologies, Inc. of damages adequate to compensate Duos, including treble damages for willful infringement under 35 U.S.C. § 284.

d.      For judicial determination and declaration that the Plaintiff is entitled to attorneys' fees and costs under 35 U.S.C. § 285, the Lanham Act, and FDUTPA.

e.      For judicial order awarding to Duos Technologies, Inc. for treble damages under FDUTPA.

f.      For judicial order awarding to Duos Technologies, Inc. pre and post-judgment interest on the damages caused to it by the Defendant infringement.

g.      For judicial order awarding Compensatory damages for Duos Technologies, Inc.

h.      For an order requiring Norfolk Southern to disclose to any prospective merger, acquisition, or transaction partner that the Digital Train Inspection Portal technology is the subject of pending patent infringement litigation and that Norfolk Southern does not hold proprietary rights.

i.      Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Rules of Civil Procedure as to all issues so triable.

DATED: December 30, 2025          Respectfully submitted,
                                  */s/ Harold E. Patricoff, Jr.*
                                  HAROLD E. PATRICOFF, JR.
                                  FLORIDA BAR NUMBER: 508357
                                  LAWSON HUCK GONZALEZ, PLLC
                                  121 Alhambra Plaza, PH1, Suite 1604
                                  Coral Gables, FL 33134
                                  Telephone: 305-845-1000
                                  hep@lawsonhuckgonzalez.com
                                  *Attorney for Plaintiff, Duos Technologies, Inc.*

## LIST OF EXHIBITS

**Exhibit A** - U.S. Patent No. 10,523,858

**Exhibit B** - U.S. Patent No. 11,974,035

**Exhibit C** - U.S. Patent No. 11,891,098

**Exhibit D** - U.S. Patent No. 12,188,846

**Exhibit E** - Norfolk Southern Press Release (October 26, 2023)

**Exhibit F** - Norfolk Southern Website and Deployment Announcements

**Exhibit G** - Railway Age Article "Next-Level Safety and Efficiency" (July 2025)

**Exhibit H** - WPXI-TV YouTube Video Screenshots (February 13, 2024)

**Exhibit I** - Norfolk Southern YouTube Video Screenshots (March 4, 2025)

**Exhibit J** - YouTube Video Screenshots

**Exhibit K** - TikTok Video Screenshots

**Exhibit L** - Vimeo Videos Screenshots (GTRI Development)

**Exhibit M** - Georgia Tech Research Institute Article (January 19, 2024)

**Exhibit N** - InnoLead Interview with Mabby Amouie (July 23, 2025)

**Exhibit O** - Laser Focus World Article (July/August 2024)

**Exhibit P** - Railway Track and Structures Article (March 4, 2025)

**Exhibit Q** - Progressive Railroading Article (March 18, 2025)

**Exhibit R** - GlobalSpec Article (January 24, 2024)

**Exhibit S** – Vision System Design Article (March 11, 2024)